UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY MARVIN SWISHER,           )
                                )
            Plaintiff,           )
                                )
      vs.                        )      CAUSE NO. 3:10-CV-0337 CAN
                                )
PORTER COUNTY SHERIFF'S          )
DEPARTMENT, *et al.*,            )
                                )
            Defendants.          )

OPINION AND ORDER

Randy Swisher, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983
alleging violation of his federally protected rights while he was confined at the
Porter County Jail. The Court screened the complaint pursuant to 28 U.S.C. §
1915A, granted Swisher "leave to proceed against the Porter County Sheriff's
Department, the Porter County sheriff, jail warden, jail doctor, and jail head nurse
on the his Fourteenth Amendment claim that they were deliberately indifferent to
his serious medical needs," and dismissed all other claims and Defendants. (DE
15 at 8). Also, the parties consented to have this case reassigned to the under-
signed for dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636(c).

The Defendants have filed a motion to dismiss, asserting that Swisher has
not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).
The Plaintiff has not responded. Because the Defendants submitted an affidavit
and other materials supporting their motion to dismiss, and because they filed a
notice advising the Plaintiff that "we have filed a motion for summary judgment

in your case" (DE 38) and advising him of his obligation to respond to their motion for summary judgment, the Court will treat the Defendants' motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56 © mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. As we have emphasized, when the moving party has carried its burden under Rule 56 ©, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations, quotation marks, ellipsis omitted).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000). "For former prisoners, a dismissal for failure to exhaust administrative remedies is a final order because the administrative grievance process is no longer available to the prisoner; thus, you cannot cure the defects in the complaint." *Dixon v. Page*, 291 F.3d at 488.

In support of their summary judgment motion, the Defendants submit the affidavit of Jail Warden John Wideup (DE 37-1 at 23) and a copy of the Porter County Jail grievance policy (DE 37-1 at 13). The Defendants' submissions establish that the Porter County Jail had a grievance procedure in effect while Swisher was housed there, and that the claims he presents in his complaint were grievable. Warden Wideup states in his affidavit that the Porter County Jail's

records show that Swisher never filed a grievance "regarding the alleged medical issue that he presents in his complaint. Moreover, Randy M. Swisher did not file any grievances whatsoever while detained in the Porter County Jail" (DE 37-1 at 25).

Because the Defendants met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Swisher to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he attempted to grieve the claims he raises in his complaint. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Although the Defendants provided the Plaintiff with an extensive warning, pursuant to *Kincaid v. Vail,* 969 F.2d 594 (7th Cir. 1992), *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992) *cert. denied,* 504 U.S. 957 (1992), and *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), of the consequences of not responding to their dispositive motion (DE 38), Swisher has not responded.

Because he has not come forth with admissible evidence that he grieved the denial of adequate medical treatment he presents in his complaint, Swisher has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor. Because Swisher is no longer confined at the Porter County Jail, the administrative grievance process is no longer available to him. *See Dixon v. Page*, 291 F.3d at 488.

For the foregoing reasons, the court GRANTS the Defendants' motion for summary judgment (DE 36), DISMISSES this complaint, and DIRECTS the clerk to enter judgment in favor of the Defendants and against the Plaintiff.

**SO ORDERED.**

Dated this 31st Day of August, 2011

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge