UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY MARVIN SWISHER, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:10-CV-0337 CAN |
| PORTER COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Randy Swisher, a prisoner currently confined at the Westville Correctional Facility, filed a complaint under 42 U.S.C. § 1983 alleging violation of his federally protected rights while he was confined at the Porter County Jail. The Court screened the complaint pursuant to 28 U.S.C. § 1915A, and granted Swisher "leave to proceed against the Porter County Sheriff's Department, the Porter County sheriff, jail warden, jail doctor, and jail head nurse on the his Fourteenth Amendment claim that they were deliberately indifferent to his serious medical needs" (DE 15 at 8).

The Defendants filed a motion to dismiss, asserting that Swisher did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The Court initially granted the Defendants' motion for summary judgment in the belief that the Plaintiff had not responded, but reopened the case upon his showing that he filed an affidavit responding to the Defendants' motion for summary judgment as an attachment to his first motion for enlargement of time.

Because the Defendants submitted an affidavit and other materials supporting their motion to dismiss, and because they filed a notice advising the Plaintiff that they "filed a motion for summary judgment in your case" (DE 38), advising him of his obligation to respond to their motion for summary judgment, the Court will treat the Defendants' motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. As we have emphasized, when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When

> opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations, quotation marks, ellipsis omitted).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002). The exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). "For former prisoners, a dismissal for failure to exhaust administrative remedies is a final order because the administrative grievance process is no longer available to the prisoner; thus, you cannot cure the defects in the complaint." *Dixon v. Page*, 291 F.3d at 488.

In support of their summary judgment motion, the Defendants submit the affidavit of Jail Warden John Wideup (DE 37-1 at 23) and a copy of the Porter County Jail grievance policy (DE 37-1 at 13). These submissions establish that the Porter County Jail had a grievance procedure in effect while Swisher was housed there, and that the claims he presents in his complaint were grievable. Warden

Wideup states in his affidavit that the Porter County Jail's records do not reflect that Swisher ever filed a grievance "regarding the alleged medical issue that he presents in his complaint. Moreover, Randy M. Swisher did not file any grievances whatsoever while detained in the Porter County Jail" (DE 37-1 at 25).

After the Defendants moved for summary judgment, Swisher filed an objection to the Defendants' motion, and requested additional time to submit a full response to the motion for summary judgment (DE 39). Over the next several months, Swisher obtained two more extensions to file a response, based on his assertions that he was having difficulty obtaining evidence to support his position (DE 42, 43, 44, 46). The final deadline ran and Swisher did not file a formal response to the motion. Nevertheless, as he argued in his motion to reconsider, he did submit an affidavit as an attachment to his first motion for enlargement of time [DE 39-1 at 3], which reads in full as follows:

> While incarcerated at the Porter County Jail in Valparaiso Indiana, on or around May 22, 2008 through June 22, 2008, I requested a grievance form from jail personel (sic) and they refused to provide me any paperwork or any form in which to file a grievance. In order to document the on going medical neglect and care that the jail was not providing to me, I then file[d] a petition on June 2, 2008, in open court that addressed my medical needs and the Sheriff's Department's failure to provide adequate care, the court failed to resolve the problem.
> On June 22, 2008, I then filed a notice of tort [claim] outlining the Sheriff's Department['s] failure to provide me adequate medical care and the ongoing violation of my constitutional rights.

DE 39-1 at 3.

When there are dueling affidavits, provided they are based on personal knowledge and meet the other evidentiary requirements, summary judgment is

not appropriate. *Payne v. Pauley,* 337 F.3d 767, 773 (7th Cir. 2003). In their reply memorandum, the Defendants argue that Swisher's affidavit is insufficient to create a disputed issue of material fact because it is vague and conclusory. But Swisher's statement that he attempted to grieve the claims he presents in his complaint is not conclusory and is within his personal knowledge; Swisher would know whether or not he requested grievance forms and whether or not jail officials gave him forms. Swisher states under penalty of perjury that he attempted to grieve the incidents he presents in his complaint but that jail officials would not provide him with a grievance form.

Administrative remedies are unavailable if prison officials do not respond to grievances. *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). In *Dole,* the court noted that in each case where a prisoner had been found not to have exhausted, "the *prisoner's* mistake triggered the exhaustion requirement." *Id.* at 811. (Emphasis in original, citations omitted). The Seventh Circuit concluded that "the misstep in Dole's case was entirely the fault of the prison system." *Id.* at 811. "Because Dole took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once his attempts at review were foiled, in the factual context of this case, he has exhausted his administrative remedies under the PLRA." *Id.* at 813.

Crediting Swisher's sworn statements, as this Court must in addressing the defendants' summary judgment motion, his submissions create a disputed issue of material fact as to whether he attempted to file a grievance but that jail officials refused to give him a grievance form.

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Pavey v. Conley*, 544 F.3d at 742.

*Pavey* requires the court to address two questions: (1) whether Swisher's failure to exhaust was "innocent;" and (2) if Swisher failed to exhaust his administrative remedies through no fault of his own, must he go back and exhaust his remedies now. The first question can only be answered by conducting a hearing and receiving evidence. There is sufficient uncontested evidence in the record, however, to answer the second question in the absence of a hearing.

6

If "the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies) . . . [the prisoner] . . . must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround)." *Pavey v. Conley*, 544 F.3d at 742. But because Swisher is no longer at the jail, the grievance system is no longer available to him. In any event, dismissal of this case without prejudice to allow Swisher to return to the jail's grievance system would be pointless because there is no remedy he could now obtain from the grievance system because it is too late for him to obtain a change in conditions for himself at the jail. Accordingly, in the circumstances of this case, if the Court determines after a *Pavey* hearing that Swisher's failure to exhaust was "innocent," he does not need to go back and file another grievance. Therefore, the only question to be resolved at the *Pavey* hearing is whether Swisher's failure to exhaust was "innocent" because he did attempt unsuccessfully to exhaust his administrative remedies.

The court will allow the parties to conduct discovery on the question of exhaustion and will then schedule a *Pavey* hearing. The issue to be resolved at the hearing will be whether the Plaintiff attempted to file a formal written grievance dealing with the issues presented in this complaint that would have complied with the jail's grievance system but was unable to file a grievance because jail officials refused to give him grievance forms. If the Court concludes at the end of this process that Swisher was unable to file a grievance because jail officials would not give him the forms, then the Plaintiff's failure to exhaust is "innocent" because he

7

did everything within his power to exhaust his administrative remedies and the case may proceed to the merits. If the court concludes that Swisher did not attempt to file a grievance dealing with the claims he raises in this complaint, then the court must dismiss this complaint for failure to exhaust administrative remedies.

For the foregoing reasons, the court DENIES the Defendants' motion for summary judgment (DE 36), and AFFORDS the parties until December 7, 2012, within which to complete discovery on the question of exhaustion. At the conclusion of discovery, the Court will schedule a hearing date after conferring with the parties.

**SO ORDERED.**

Dated this 29th day of August, 2012.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
