UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RANDY MARVIN SWISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-0337 CAN |
| | ) | |
| PORTER COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Randy Swisher, a prisoner currently confined at the Westville Correctional Facility, filed a complaint under 42 U.S.C. § 1983 alleging violation of his federally protected rights while he was confined at the Porter County Jail. The Court screened the complaint pursuant to 28 U.S.C. § 1915A, and granted Swisher "leave to proceed against the Porter County Sheriff's Department, the Porter County sheriff, the jail warden, the jail doctor, and the jail's head nurse on the his Fourteenth Amendment claim that they were deliberately indifferent to his serious medical needs" (DE 15 at 8).

The Defendants filed a motion to dismiss, asserting that Swisher did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The Court initially granted the Defendants' motion for summary judgment in the belief that the Plaintiff had not responded to the motion for summary judgment, but reopened the case upon his showing that he filed an affidavit responding to the Defendants' motion for summary judgment as an attachment to his first motion

for enlargement of time. On reconsideration, the Court denied the Defendants' motion for summary judgment because there were disputed issues of material fact, and started the process for conducting a hearing pursuant to *Pavey v. Conley,* 544 F.3d 739, 741 (7th Cir. 2008), cert denied \_\_\_ U.S. \_\_\_, 129 S.Ct. 1620, 173 L.Ed.2d 995 (2009).

The Plaintiff has now filed a motion for summary judgment (DE 81), which is actually a motion to reconsider the Court's order dealing with the Defendants' motion for motion for summary judgment. Swisher does not ask for judgment in his favor; rather he argues that the Court should have denied the Defendants' motion for summary judgment outright, without recourse to a *Pavey* hearing. Accordingly, this Court construes the Plaintiff's motion for summary judgment as a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60.

In his motion to reconsider the decision to set this case for a *Pavey* hearing, Swisher argues that the Court lacks subject mater jurisdiction to conduct a *Pavey* hearing and that the Court should have denied the Defendants' motion for summary judgment outright, and proceeded to the merits of his claim. Vacating an order or judgment "under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence, and fraud . . . Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

The gist of Swisher's subject matter jurisdiction argument is that "since this Court has already denied the motion for summary judgment by the Defendants,

2

it has no jurisdiction to allow, order, or afford and type of discovery exchange on the issue of exhaustion" (DE 81 at 3). This argument is without merit. "Conceptually, whether a federal court has jurisdiction to decide an issue is a distinct question from how to decide that issue correctly. To use Justice Holmes's phrase, 'Jurisdiction is the power to decide the case either way.'" *Beiser v. Weyler*, 284 F.3d 665, 670 (5th Cir. 2002), quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25,(1913). "Jurisdiction is power to decide a justiciable controversy, and includes questions of law as well as fact." *United States v. Stewart*, 306 F.3d 296, 321 (6th Cir. 2002). Accordingly, this Court has the jurisdiction to adjudicate the civil complaint filed by Swisher, and to deal with all of issues that arise during these proceedings, including whether or not a *Pavey* hearing is necessary.

Swisher also argues that the Court erred in determining that a *Pavey* hearing was necessary to adjudicate a contested issue of material fact. Swisher reasons that because there were not opposing affidavits, this Court should have denied the Defendants' motion for summary judgment outright, rather than setting it for a *Pavey* hearing. But there is a contested issue of fact: The Defendants argued that Swisher had not exhausted his administrative remedies, and Swisher responded with evidence that suggested that he attempted to exhaust his administrative remedies but was thwarted by jail officials who did not give him a form. The Court concluded that because there is a disputed issue of fact, *Pavey* requires a hearing at which the parties can resolve the question of whether or not Swisher attempted to exhaust his administrative remedies.

3

Swisher contends that there is no contested issue of fact as to whether or not a jail official or officials refused to give him a grievance form when he requested one. He specifically states in his motion to reconsider that he:

> identified the individual who refused him [a grievance form] as Captain Taylor in his 'objection to dismiss motion' (filed 4/14/11, (paragraph 7, page 4), and also in his 'reply to Defendants response filed on 12/22/14' (filed on 1/13/12), (Paragraph 3, page 2). The Defense never disputed Swisher's affidavit evidence with any evidence of their own . . ..

(DE 81 at 2).

The affidavit Swisher refers to in this statement states in full as follows:

> While incarcerated at the Porter County Jail in Valparaiso, Indiana, on or around May 22, 2008 through June 22, 2008, I requested a grievance form from jail personnel and they refused to provide me any paperwork or any form in which to file a grievance. In order o document the ongoing medical neglect and care that the jail was not providing to me, I then filed a petition on June 2, 2008, in open court that addressed my medical needs and the Sheriff's Department's failure to provide adequate care. The court failed to resolve the problem.
> On June 22, 2008, I then filed a notice of tort outlining the the (sic) Sheriff's Department failure to provide me adequate medical care and the ongoing violation of my constitutional rights.

DE 39-1.

This affidavit does not mention Captain Taylor or any other individual by name as having denied his request for a grievance. Swisher merely states that unidentified "jail personnel" denied his requests for a grievance, and this did not place the Defendants on notice that they needed to obtain a counter-affidavit from any particular jail official or officials in order to create a contested issue of fact as

4

to whether or not a jail official or officials thwarted his efforts to file a grievance by withholding a form from him.

Swisher also asserts that he mentioned Captain Taylor by name in the body of his objection to dismissal motion filed by the Defendants, motion for extension of time and evidentiary hearing. The relevant portion of this submission reads as follows:

> Swisher submits his affidavit as evidence that his remedies were exhausted, and unless the defense has witnesses willing to swear under oath that they did not deny Swisher a grievance form when he requested one, then Swisher's evidence has to be considered factual. **Note**: **(A Captain Taylor will be called to the stand concerning this matter)**.

DE 39 at 4 (emphasis added).

The statement about Captain Taylor is not part of a sworn affidavit, as Swisher suggests in his motion to reconsider, nor is it even a clear statement that Captain Taylor was the official, or one of the officials, who Swisher asserts denied his request for a grievance. It is only a statement that Captain Taylor is a witness who Swisher intends to call at the hearing. This certainly was not enough to alert the Defendants that they needed to submit an affidavit or declaration from Captain Taylor if they wished to create a disputed issue of material fact.

The Court concluded that the parties' submissions created a disputed issue of material fact as to whether Swisher attempted to file a grievance but that jail officials refused to give him a grievance form. The arguments presented by

Swisher in his motion for summary judgment/motion to reconsider do not alter that calculation.

For the foregoing reasons, the court DENIES the Plaintiff's motion for summary judgment/motion to reconsider (DE 81), and AFFORDS the parties until March 1, 2013, within which to advise the Court whether they are ready for a *Pavey* hearing, or whether they need to conduct additional discovery. If the parties are ready for a *Pavey* hearing, the Court will schedule a hearing date after conferring with the parties.

**SO ORDERED.**

Dated this 11th Day of February, 2013

                                                S/Christopher A. Nuechterlein
                                                Christopher A. Nuechterlein
                                                United States Magistrate Judge