IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RANDY MARVIN SWISHER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-337 |
| | ) | |
| PORTER COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Randy Marvin Swisher, a *pro se* prisoner, filed this lawsuit and was granted leave to proceed on his claims that the Porter County Sheriff's Department, the Porter County Sheriff, the Jail Warden, the Jail Doctor, and the Jail Head Nurse were deliberately indifferent to his stomach hernia from August 11, 2008, to September 30, 2008, in violation of the Fourteenth Amendment. DE 15. It is unnecessary to recount here the entire procedural history of this case. Suffice it to say that the defendants filed a motion asserting that Swisher had not exhausted his administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a). DE 36. In reviewing the motion, the court found it undisputed that the Porter County Jail had a grievance system, that these claims were grievable, and that Swisher did not file a written grievance; but that a genuine issue of disputed fact existed as to whether Swisher had been prevented from obtaining a grievance form. DE 50, 61, 75, and 111. Thus, the case was set for a hearing as required by *Pavey v.*

*Conley*, 544 F.3d 739, 742 (7th Cir. 2008). That hearing was held on October 17, 2013, and the court now enters these findings of fact and conclusions of law.

The facts of this case are not complicated. Swisher testified that although he did not understand the details of the grievance policy, he knew that one existed and he tried to use it. He asked a guard for a grievance form and was told to talk to Captain Taylor. He asked Captain Taylor for a form and was told that he did not need a form because Captain Taylor would talk to the Warden about his medical problem. These are the only two times that Swisher asked anyone for a grievance form. Swisher also testified that he did not obtain the medical attention that he was seeking and that he had an ongoing medical problem for months while he was at the jail. At some point, he realized that his verbal requests were ineffective and he filed a Notice of Tort Claim (Exhibit B) and an Emergency Motion for a Bond Reduction (Exhibit A) which detailed his medical needs. The court accepts all of this testimony as true.

What Swisher did not do, was make any other effort to file a written grievance. Despite his knowledge that a grievance system existed, despite his recognition that his verbal requests were unsuccessful, despite his ongoing problems month after month, and despite his multiple other written efforts to obtain assistance, he never again made any effort to file a written grievance. Indeed the record demonstrates that on seven other occasions Swisher filed a written "Sick Call Request Form" for a variety of medical conditions including; dental surgery pain, blood sugar levels, back pain, tooth pain, gum infections and foot problems. Exhibit 1. Why Swisher filed written complaints for these

medical conditions but not the medical condition he now complains of is not known. It must be assumed he simply chose not to file such a written request for medical attention.

The Seventh Circuit requires strict compliance with the grievance procedures of the institution.

> This circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

*Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Though "[p]rison officials may not . . . use affirmative misconduct to prevent a prisoner from exhausting," *id.*, that is not what happened here. Swisher was not prevented from obtaining a form. He was not told that no grievance system existed. He was not told that he could not ever file a written grievance. What happened is that a guard referred him to the Captain, and the Captain said that he would work on the problem. This is consistent with the grievance policy's encouragement that complaints be initially addressed informally. Exhibit 4 at 3. There is no evidence in this record of any misconduct by jail officials. Rather, the undisputed evidence is that Swisher simply did not follow up and file a written grievance.

Though Swisher did not argue that filing a written grievance would have been futile because jail officials had refused to assist him despite having been repeatedly notified of his medical problems, such an argument would have been unavailing.

> Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant . . . or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted). Here, the administrative process did not run its course because Swisher did not file a written grievance even though he could have done so. "Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed [and] . . . it is essential to keep the courthouse doors closed until those efforts have run their course." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). There is not even an "exception for prisoners who allege 'imminent danger' . . .." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010).

Swisher did not exhaust his administrative remedies before bringing this case. Therefore, pursuant to 42 U.S.C. § 1997e(a), summary judgment must be granted and this case dismissed. However, because "all dismissals under § 1997e(a) should be without prejudice," *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), the dismissal will be without prejudice.

For the foregoing reasons, the summary judgment motion (DE 36) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

Dated this 22nd Day of October, 2013.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge