IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RANDY MARVIN SWISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-337 |
| | ) | |
| PORTER COUNTY SHERIFF'S | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on the "Motion for Leave to Amend Claim" filed by Randy Marvin Swisher, a *pro se* prisoner on July 20, 2015. The defendants did not object to the motion. Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In addition to the amended complaint, Swisher also filed an "Affidavit of Facts for Plaintiff's Claim No. 3:10-CV-337" which provides the factual basis for his claims. Swisher alleges that in late March or April 2008, he developed a hernia following surgery for a gunshot wound to the stomach. He alleges that Dr. Nadir H. Al-Shami examined him, but refused to provide any treatment and refused to allow him to obtain treatment from

anyone else. He alleges that Dr. Al-Shami told him that it would be a violation of policy to treat the hernia unless it was life-threatening. He alleges that Dr. Al-Shami told him that it would be a violation of policy to permit another doctor to see him. Despite those alleged policies, Swisher alleges that on a later unspecified date, Dr. Al-Shami prescribed an Ace Bandage (and eventually a hernia belt) as treatment for the hernia. Swisher alleges that he and others told Sheriff David Lain and Warden John Widup that Dr. Al-Shami had refused to provide treatment for his hernia, back pain, sinus headaches, foot pain, and post-traumatic stress disorder caused by his reaction to skin cancer and surgeries. He alleges that he was told by unnamed jail staff that it was a violation of policy to prescribe over-the-counter pain medications or for him to have two mattresses.

Swisher alleges that these events occurred while he was a pre-trail detainee at the Porter County Jail. Therefore his claims arise under the Fourteenth Amendment. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) (quoting *Bell*). However, when judging what is rationally related or what is excessive, "prison administrators [are] accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve

internal order and discipline and to maintain institutional security." *Bell*, 441 U.S. at 547. Inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But they are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Swisher is suing Dr. Nadir H. Al-Shami, Sheriff David Lain, and Warden John Widup for denying him medical treatment. Here, Swisher's allegations plausibly allege that the denial of medical treatment was excessive or not rationally related to a legitimate nonpunitive governmental purpose. Therefore Swisher will be granted leave to proceed against Dr. Nadir H. Al-Shami, Sheriff David Lain, and Warden John Widup for denying him medical treatment for his hernia, back pain, sinus headaches, foot pain, and post-traumatic stress disorder caused by his reaction to skin cancer and surgeries.

Swisher is also suing the Porter County Sheriff's Department and Advanced Correctional Healthcare Corporation based on policies which he alleges have caused him injury. Pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) a municipality can be sued based on a policy. A private company performing a governmental function can also be held liable to the same extent as a municipal entity under *Monell*. *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014). Therefore Swisher will be granted leave to proceed against Porter County Sheriff's Department and Advanced Correctional Healthcare Corporation for having policies which preclude: treatment of a non-life-threatening hernia, treatment of inmates by non-jail doctors, prescription of over-the-counter pain medications, and issuing two mattresses to an inmate.

Finally, Swisher is suing "Two Unknown Liability Insurance Companies." However, because "[h]e cannot sue the tortfeasor's insurance company directly . . ." *Donald v. Liberty Mut. Ins. Co.*, 18 F.3d 474, 480 (7th Cir. 1994), he will not be granted leave to proceed against these defendants and they will be dismissed.

Pursuant to 28 U.S.C. § 1915(d), the court is required to serve the defendants. However, because Dr. Nadir H. Al-Shami, Sheriff David Lain, Warden John Widup, and Porter County Sheriff's Department have already appeared by counsel, it is unnecessary to direct the United States Marshal Service to serve the them. Advanced Correctional Healthcare Corporation has not entered an appearance, therefore the Marshals Service will be directed to serve it.

For these reasons, the court:

(1) **GRANTS** the motion to amend (DE 240);

(2) **DIRECTS** the clerk to separately docket the amended complaint (DE 240-1) with the Affidavit of Facts (DE 246) as an attachment to the amended complaint;

(3) **GRANTS** Randy Marvin Swisher leave to proceed against Dr. Nadir H. Al-Shami, Sheriff David Lain, and Warden John Widup in their individual capacities for compensatory and punitive damages for denying him medical treatment for his hernia, back pain, sinus headaches, foot pain, and post-traumatic stress disorder caused by his reaction to skin cancer and surgeries, in violation of the Fourteenth Amendment;

(4) **GRANTS** Randy Marvin Swisher leave to proceed against Porter County Sheriff's Department and Advanced Correctional Healthcare Corporation for

compensatory and punitive damages for having policies which preclude: treatment of a non-life-threatening hernia, treatment of inmates by non-jail doctors, prescription of over-the-counter pain medications, and issuing two mattresses to an inmate, in violation of the Fourteenth Amendment;

(5) **DISMISSES** all other claims;

(6) **DISMISSES** Two Unknown Liability Insurance Companies;

(7) **DIRECTS** the clerk to transmit the summons and USM-285 for Advanced Correctional Healthcare Corporation to the United States Marshals Service along with a copy of the amended complaint (DE 240-1), the Affidavit of Facts (DE 246), and this order;

(8) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Advanced Correctional Healthcare Corporation; and

(9) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2) and Fed. R. Civ. P. 6(b)(1)(A), that Dr. Nadir H. Al-Shami, Sheriff David Lain, Warden John Widup, Porter County Sheriff's Department, and Advanced Correctional Healthcare Corporation respond by February 4, 2016, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

Dated this <u>4th</u> Day of November 2015.

<u>S/Christopher A. Nuechterlein</u>  
Christopher A. Nuechterlein  
United States Magistrate Judge